IN THE SUPERIOR COURT OF GORDON COUNTY
STATE OF GEORGIA

TERESA GRAHAM,

          Plaintiff,

v.

WAL-MART STORES EAST, LP,

          Defendant.

_____/

Civil Action File No.
14CV63729

*FILED*
Clerk Superior Ct., Gordon County

DEC 1 2 2014

Grant Walraven
Clerk

## DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO DISMISS, OR, ALTERNATIVELY, <u>MOTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL</u>

COMES NOW, Defendant Wal-Mart East, LP, (hereinafter "Wal-Mart"), and, pursuant to OCGA § 9-11-12, § 9-11-17 and to the equitable doctrine of judicial estoppel, moves to dismiss this matter. Alternatively, pursuant to OCGA § OCGA §§ 5-5-1 <u>et seq.</u>, § 9-11-60, and § 9-11-62, hereby moves the Court for a new trial, and to set aside judgment. In support hereof, Defendant states as follows:

1.

Due to Plaintiff Theresa Graham's pending Chapter 13 bankruptcy and pursuant to the January 24, 2014 Order of the U.S. Bankruptcy Court for the Northern District of Georgia, Rome Division, all claims alleged by Plaintiff in the instant civil action have been and remain the property of the bankruptcy estate. <u>See</u> Exhibit "A," Bankruptcy Court Order dated 1-24-14. Therefore, Plaintiff lacks

EXHIBIT
A

standing to assert said claims, and this Court lacks subject matter jurisdiction over the above-referenced matter. "The constitutional and procedural concept of 'standing' falls under the broad rubric of 'jurisdiction' in the general sense, and in any event, a plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction." Blackmon v. Tenet Healthsystem Spalding, Inc., 284 Ga. 369, 371, 667 S.E.2d 348 (2008) (citing Davis v. Federal Election Comm., 554 U.S. 724, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008)).

2.

Subject matter jurisdiction is not a waiveable defense. "Subject-matter jurisdiction is established by our laws, and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." Walker v. Department of Transp., 279 Ga. App. 287, 289, 630 S.E.2d 878 (2006).  Pursuant to OCGA § 9–11–12(h)(3), "Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

3.

Plaintiff's claim is barred by OCGA § 9-11-17, because the real party in interest is the bankruptcy estate of Plaintiff, and neither Plaintiff nor her counsel have been appointed to represent the estate. See Sevostiyanova v. Tempest Recovery Svcs., 307

Ga. App. 868, 871, 705 S.E.2d 878 (2011)

4.

Plaintiff's personal injury claim is barred by the equitable doctrine of judicial estoppel, which "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." See New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); IBF Participating Income Fund v. Dillard-Winecoff, LLC, 275 Ga. 765, 573 S.E.2d 58 (2002); Sevostiyanova v. Tempest Recovery Svcs., 307 Ga. App. 868, 870-71, 705 S.E.2d 878 (2011); Nat. Bldg. Maintenance Specialists v. Hayes, 288 Ga .App. 25, 26, 653 S.E.2d 772 (2007); Smalls v. Walker, 243 Ga. App. 453, 456, 532 S.E.2d 420 (2000).

5.

Pursuant to OCGA § 9-11-60(d), "[a] motion to set aside may be brought to set aside a judgment based upon:

(1)    Lack of jurisdiction over the person or the subject matter;

(2)    Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or

(3)    A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the

pleadings must affirmatively show no claim in fact existed.

For the reasons noted above, and is detailed in the attached brief, all of these grounds are applicable to the instant matter, and authorize this Court to set aside the judgment in this matter and to grant Defendant a new trial.

6.

The Default Judgment entered as to liability in this matter indicates that, prior to the entry of said judgment, Plaintiff filed with the Court an Application for Entry of Default upon Defendant, and a Certificate of Counsel. None of these pleading were served upon Defendant Wal-Mart. See Uniform Superior Court Rules 4.1.

7.

The Default Judgment entered by this Court also was not served upon Defendant, and Defendant received no notice whatsoever of the bench trial as to the unliquidated damages sought by Plaintiff. Further, Defendant has been unable to locate any published trial calendar listing said bench trial. See Uniform Superior Court Rules 8.3.

8.

Defendant has filed its Answer; submitted payment of the court costs; is prepared to proceed to trial instanter; and submits the affidavit of the undersigned, attesting to the existence of meritorious defenses, beyond the procedural defenses

identified above. (See Exhibit "E," Affidavit of Dawn M. Rivera; Exhibits "F" - "H,"

Affidavits of Wal-Mart associates).

WHEREFORE, Defendant Wal-Mart Stores East, LP prays that the Court issue

an Order dismissing this matter. Alternatively, Defendant requests an Order setting

aside the judgment, and granting a new trial of this matter.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088

Dawn M. Rivera
Georgia Bar No. 002535
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326-3240
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mclain-merritt.com
drivera@mclain-merritt.com

IN THE SUPERIOR COURT OF GORDON COUNTY
STATE OF GEORGIA

TERESA GRAHAM,                                    Civil Action File No.
                                                 14CV63729
        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.
_____/

## BRIEF IN SUPPORT OF
## DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO DISMISS,
## OR, ALTERNATIVELY,
## <u>MOTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL</u>

Defendant Wal-Mart Stores East, LP, (hereinafter "Wal-Mart"), moves the Court to Dismiss Plaintiff's claims due to her lack of standing, this Court's lack of subject matter jurisdiction, and/or based upon judicial estoppel. Alternatively, Defendant Wal-Mart moves for a new trial, and to set aside judgment, on the grounds authorized by § 9-11-60, and § 9-11-62.

### STATEMENT OF RELEVANT FACTS

On October 25, 2013, Plaintiff filed a personal bankruptcy petition pursuant to Chapter 13 of the U.S. Bankruptcy Code, Docket No. 13-43094-PWB in the U.S. Bankruptcy Court for the Northern District of Georgia, Rome Division. (<u>See</u> Exhibit "B," Bankruptcy Docket). On January 24, 2014, the Bankruptcy Court entered an

Order approving Plaintiff's plan for partial payment of some of her debts. As this Order explicitly states, all property of Plaintiff/Debtor's bankruptcy "estate shall not revest in Debtor until the earlier of discharge of Debtor, dismissal of the case, or closing of case without the entry of a discharge, unless the Court orders otherwise;..." (See Exhibit "A," Bankruptcy Court Order dated 1-24-14).

On May 22, 2014, Plaintiff allegedly slipped and fell in the Calhoun Wal-Mart store. On August 1, 2014, Plaintiff filed the instant civil action alleging personal injury claims against Wal-Mart Stores East, LP due to this alleged slip and fall incident. Plaintiff failed to disclose said claims to her creditors and to the U.S. Bankruptcy Court for the Northern District of Georgia, despite her statutory duty under federal bankruptcy law to do so by amend her bankruptcy Petition. (See Exhibit "B," Bankruptcy Docket). Plaintiff's counsel also failed to seek or to obtain an Order from the Bankruptcy Court authorizing him to represent Plaintiff in connection with claims which have been, and remain, the property of the bankruptcy estate, pursuant to federal law and to the Bankruptcy Court Order dated January 24, 2014. (See Exhibit "B," Bankruptcy Docket).

After filing the instant civil action, Plaintiff filed multiple motions in the Bankruptcy Court seeking to avoid the liens of her creditors, including several medical providers, and the Bankruptcy Court granted these motions. (See Exhibit

"C," Motions to Avoid Liens and related Order). On July 28, 2014, Plaintiff filed a Motion to Suspend Plan Payments, asserting that she would be taking a leave of absence from her employment to obtain a surgery, and the Bankruptcy Court granted this Order. (See Exhibit "D," Motion to Suspend Plan Payments and related Order). Upon information and belief, the damages alleged by Plaintiff in this matter include medical expenses for this surgery. Despite requesting this relief, Plaintiff still failed to amend her bankruptcy Petition to disclose her personal injury claims, and her pending civil action against Defendant Wal-Mart, to the U.S. Bankruptcy Court and to her creditors.

Prior to the entry of the Default Judgment Order on August 18, 2008, Plaintiff apparently filed with the Court an Application for Entry of Default upon Defendant, and a Certificate of Counsel. None of these pleading were served upon Defendant Wal-Mart. See Uniform Superior Court Rules 4.1. Similarly, the Default Judgment entered by this Court on October 16, 2014 also was not served upon Defendant Wal-Mart, and Defendant received no notice whatsoever of the bench trial as to the unliquidated damages sought by Plaintiff. Said trial was held on November 24, 2014. Defendant has been unable to locate any trial calendar notice for this bench trial on the website for the legal organ of Gordon County, Georgia. See Uniform Superior Court Rules 8.3.

Defendant has filed its Answer; submitted payment of the court costs; is prepared to proceed to trial instanter; and submits the affidavit of the undersigned, attesting to the existence of meritorious defenses, which go well beyond the procedural defenses identified above. (See Exhibit "E," Affidavit of Dawn M. Rivera). As detailed in the attached copies of the Affidavits of Leigh Trejo, Jayla Collier, and Ashley Long, the only "hazard" alleged by Plaintiff was a small trail of water drops in front of the paper towel dispenser in the women's restroom of Wal-Mart Store No. 1215.  (See Exhibit "F" - "H," Affidavits of Wal-Mart associates).

## ARGUMENT AND CITATION OF AUTHORITY

## I.    <u>Standard of Review</u>

Where a party moves promptly, i.e., within the same term of court, to make his attack on the judgment, the trial court is "mandated to construe his pleadings so as to serve their function and do substantial justice (OCGA § 9-11-8(f) (Code Ann. § 81A-108)), and was vested with discretion to consider the pleadings filed, by whatever name, according to the defect alleged, whether there was no nonamendable defect on the face of the record; where an intrinsic defect not on the face of the record is alleged and whether judgment was rendered by judge, jury, or consent; or whether the judgment was based on fraud, accident or mistake (OCGA § 9-11-60(c)(d)(e) (Code Ann. § 81A-160))." <u>Sunn v. Mercury Marine</u>, 166 Ga.App.

567, 569, 305 S.E.2d 6 (1983) (internal citations omitted).  "The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." OCGA § 5-5-50. Similarly, a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60(d) is reviewed only for an abuse of discretion.  See Moore v. Davidson, 292 Ga. App. 57, 663 S.E.2d 766, 768 (2008).

## II.    Motion to Dismiss

Due to Plaintiff Theresa Graham's pending Chapter 13 bankruptcy and pursuant to the January 24, 2014 Order of the U.S. Bankruptcy Court for the Northern District of Georgia, Rome Division, all claims alleged by Plaintiff in the instant civil action have been and remain the property of the bankruptcy estate. See Exhibit "A," Bankruptcy Court Order dated 1-24-14. Therefore, Plaintiff lacks standing to assert said claims, and this Court lacks subject matter jurisdiction over the above-referenced matter. "The constitutional and procedural concept of 'standing' falls under the broad rubric of 'jurisdiction' in the general sense, and in any event, a plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction." Blackmon v. Tenet Healthsystem Spalding, Inc., 284 Ga. 369, 371, 667 S.E.2d 348 (2008) (citing Davis v. Federal Election Comm., 554 U.S. 724, 128

S.Ct. 2759, 171 L.Ed.2d 737 (2008)).

Subject matter jurisdiction is not a waiveable defense. "Subject-matter jurisdiction is established by our laws, and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." Walker v. Department of Transp., 279 Ga. App. 287, 289, 630 S.E.2d 878 (2006). Pursuant to OCGA § 9–11–12(h)(3), "Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Plaintiff's claim is barred by OCGA § 9-11-17, because the real party in interest is the bankruptcy estate of Plaintiff, and neither Plaintiff nor her counsel have been appointed to represent the estate. See Sevostiyanova v. Tempest Recovery Svcs., 307 Ga. App. 868, 871, 705 S.E.2d 878 (2011)

Plaintiff's personal injury claim also is barred by the equitable doctrine of judicial estoppel, which "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." See New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); IBF Participating Income Fund v. Dillard-Winecoff, LLC, 275 Ga. 765, 573 S.E.2d 58 (2002); Sevostiyanova v. Tempest Recovery Svcs., 307 Ga. App. 868, 870-71, 705 S.E.2d 878 (2011); Nat. Bldg. Maintenance Specialists v. Hayes, 288 Ga .App. 25, 26, 653 S.E.2d 772 (2007); Smalls v. Walker, 243 Ga. App. 453, 456, 532 S.E.2d 420

(2000).

The doctrine of judicial estoppel is applied to preclude a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by that party in a prior proceeding.

> [T]he doctrine is commonly applied to preclude a bankruptcy debtor
> from pursuing a damages claim that [the debtor] failed to include in his
> [or her] assets in the bankruptcy petition because <u>a failure to reveal</u>
> <u>assets, including unliquidated ... claims, operates as a denial that such</u>
> <u>assets exist</u>, deprives the bankruptcy court of the full information it
> needs to evaluate and rule upon a bankruptcy petition, and deprives
> creditors of resources that may satisfy unpaid obligations.

<u>Sevostiyanova v. Tempest Recovery Svcs.</u>, 307 Ga. App. 868, 870-71, 705 S.E.2d 878 (2011) (quoting <u>Nat. Bldg. Maintenance Specialists v. Hayes</u>, 288 Ga .App. 25, 26, 653 S.E.2d 772 (2007)).

Here, Plaintiff failed to comply with her strict legal duty under federal law to disclose to her creditors, and to the U.S. Bankruptcy Court for the Northern District of Georgia, the subject personal injury claim. As a result, the subject personal injury claim was never properly scheduled as an asset of her bankruptcy estate. Such actions warrant the application of judicial estoppel in this matter.

> Because bankruptcy proceedings require strict disclosure, failure to list
> a claim is seen as amounting to a denial that such a claim exists. This
> precludes subsequent assertion of the claim. We have rejected as
> insufficient excuses similar to that offered by Smalls for failing to list
> the claim: that it was unintentional and that he did not know he was
> required to list it.

Smalls v. Walker, 243 Ga. App. 453, 456, 532 S.E.2d 420 (2000).

As Plaintiff does not have the legal ability to assert the subject personal injury claim in her own name, the instant matter is also subject to dismissal pursuant to OCGA § 9-11-17. Like its federal counterpart, the purpose of O.C.GA. § 9-11-17(a) is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed.R.Civ.P. 17 Advisory Committee's Notes (1966). "Any asset not properly scheduled remains the property of the bankrupt estate, and the debtor loses all rights to enforce it in his or her own name." Sevostiyanova v. Tempest Recovery Svcs., 307 Ga. App. 868, 871, 705 S.E.2d 878 (2011).

> Sevostiyanova did not amend her bankruptcy petition to disclose the
> cause of action, move the bankruptcy court to reopen her bankruptcy
> case to allow for an amendment, or otherwise alert the bankruptcy

court and other interested parties of the claim. Nat. Bldg. Maintenance

Specialists v. Hayes, 288 Ga.App. at 27–28, 653 S.E.2d 772; Kittle v.

ConAgra Poultry Co., 247 Ga.App. at 107(1)(b), 543 S.E.2d 411.

Sevostiyanova v. Tempest Recovery Svcs., 307 Ga. App. 868, 871, 705 S.E.2d 878

(2011).  Here, like the plaintiff in Sevostiyanova, Plaintiff failed to amend her

bankruptcy petition to disclose her personal injury claims against Wal-Mart, and has

done nothing to alert the bankruptcy court and her creditors to the instant claim.

Like the plaintiff in Sevostiyanova, Plaintiff's creditors also have not been fully

compensated.

> Consequently, because any recovery by Sevostiyanova on this cause of
> action would not inure to the benefit of her creditors, who were not
> fully compensated when the bankruptcy court discharged her debts,
> Sevostiyanova is judicially estopped from pursuing this claim.

Sevostiyanova v. Tempest Recovery Svcs., 307 Ga. App. 868, 871, 705 S.E.2d 878

(2011) (citing Kittle v. ConAgra Poultry Co., 247 Ga. App. at 107, 543 S.E.2d 411;

Reagan v. Lynch, 241 Ga.App. 642, 643–645, 524 S.E.2d 510 (1999)).

Here, Plaintiff not only failed to disclose her personal injury claim, but also

sought relief from her existing medical liens and temporary relief from the payments

required by her bankruptcy plan in the Bankruptcy Court during the pendency of

the instant civil action. These actions evidence Plaintiff's clear intent to proceed with her bankruptcy while failing to disclose all of her assets. Such actions warrant the application of judicial estoppel in this matter. Further, dismissal is warranted under OCGA § 9-11-17, because the instant personal injury claim is <u>not</u> prosecuted in the name of the real party in interest, <u>Plaintiff's bankruptcy estate</u>.

### III.    Motion to Set Aside Judgment

Pursuant to OCGA § 9-11-60(d), "[a] motion to set aside may be brought to set aside a judgment based upon:

(1)    Lack of jurisdiction over the person or the subject matter;

(2)    Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or

(3)    A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

In the instant case, for the reasons noted above, all of these grounds are applicable to the instant matter, and authorize this Court to set aside the judgment in this matter and to grant Defendant a new trial. This Court lacks subject matter jurisdiction due to Plaintiff's lack of standing. Defendant Wal-Mart did not

contribute and is not at fault for Plaintiff's own failure to disclose her claims against Wal-Mart in her pending bankruptcy matter. Whether that failure is the result of fraud, accident, or mistake, Plaintiff is solely responsible. Further, the lack of subject matter jurisdiction appears on the face of the record and cannot be waived by the parties.

Defendant has filed its Answer; submitted payment of the court costs; and is prepared to proceed to trial instanter on its meritorious defenses. However, based upon the foregoing, the Court would be well within its discretion to grant Defendant's Motion to Set Aside, to permit the parties to engage in discovery, and to schedule a new trial of this matter.

## IV.   Motion for New Trial

Defendant's Motion for a New Trial is made pursuant to OCGA § 5-5-20 (verdict contrary to principles of justice and equity); to OCGA § 5-5-21 (judgment against the weight of the evidence); to OCGA § 5-5-22 (illegal admission and exclusion of evidence); and to OCGA § 5-5-25 (other errors and irregularities). As detailed in the Affidavits of Leigh Trejo, Jayla Collier, and Ashley Long, the only "hazard" alleged by Plaintiff was a small trail of water drops in front of the paper towel dispenser in the women's restroom of Wal-Mart Store No. 1215. (See Exhibit "F" - "H," Affidavits of Wal-Mart associates). In addition, Plaintiff's pre-existing

medical conditions, including arthritis and a prior right knee replacement surgery, demonstrate that Defendant's alleged negligence was not the proximate cause of all damages alleged by Plaintiff. (See Exhibit "E," Affidavit of Dawn M. Rivera).

Finally, while Defendant acknowledges that it was not entitled to receive notice due to its default, it should be noted that Defendant's claims adjusters at Claims Management, Inc. were attempting to investigate this matter and continued to receive communications from Plaintiff's counsel after the instant civil action was filed. (See Exhibit "I," Correspondence from Plaintiff's counsel dated 8-21-14).  In such a situation, it is not clear why Plaintiff's counsel chose to file with the Court an Application for Entry of Default upon Defendant, and a Certificate of Counsel, all without serving Defendant, and then neglected to provide any notice to Defendant that a default had been entered until after the bench trial as to damages had already occurred.

"The grant or denial of a motion for new trial on general grounds is a matter within the sound discretion of the trial court and will not be disturbed on appeal if there is 'any evidence' to authorize it." Associated Software Consultants Organization, Inc. v. Wysocki, 177 Ga. App. 135, 137-38, 338 S.E.2d 679 (1985).  The "first grant of a new trial is not error unless the evidence demands a verdict for the party opposing the motion." Martin v. Denson, 117 Ga. App. 288, 160 S.E.2d 210

(1968).  To disturb a trial court's decision to grant the first new trial, "it must be

shown that the court abused its discretion in granting it, and the law and facts

require the verdict notwithstanding the granting of the motion by the trial court."

Pierce v. Gaskins, 168 Ga. App. 446, 447, 309 S.E.2d 658 (1983).  In the instant case,

Defendant has provided ample grounds for this Court to exercise its discretion and

grant Defendant's Motion for a New Trial.

Based upon the foregoing, Defendant respectfully requests that this Court

grant its Motion to Dismiss, or, alternatively, to Set Aside Jdugment and for New

Trial.

McLAIN & MERRITT, P.C.

_____

Dawn M. Rivera
Georgia Bar No. 002535
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326
404.266.9171
drivera@mclain-merritt.com

Page 18

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO DISMISS, OR, ALTERNATIVELY, MOTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL and BRIEF IN SUPPORT have this day been served upon counsel for all parties, by placing same in the United States Mail, postage prepaid, and addressed as follows:

Bobby Lee Cook, Esq.
Cook & Connelly
P.O. Box 370
Summerville, GA  30747

This the 12th day of December, 2014.

McLAIN & MERRITT, P.C.


Dawn M. Rivera
Georgia Bar No. 002535
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326
404.266.9171
drivera@mclain-merritt.com

Case 13-43094-pwb    Doc 49-1    Filed 01/20/15    Entered 01/20/15 17:21:32    Desc
Exhibit A - Wal-Marts Motion in adversary matter - part 1    Page 20 of 27
Case 13-43094-pwb    Doc 23    Filed 01/24/14    Entered 01/24/14 15:06:11    Desc O Cnf
Plan & O to Debtor    Page 1 of 1

## UNITED STATES BANKRUPTCY COURT

### Northern District of Georgia

### Rome Division

In Re: Debtor(s)
**Teresa Carol Graham**
212 Highpoint Drive
Apt 13
Calhoun, GA 30701

**xxx−xx−4191**

Case No.: **13−43094−pwb**
Chapter: **13**
Judge:  **Paul W. Bonapfel**

# ORDER CONFIRMING PLAN

The Chapter 13 Plan of Debtor or Debtors (hereinafter "Debtor") has been transmitted to all creditors. Debtor's plan, or plan as modified, satisfies the requirements of 11 U.S.C. § 1325.

Accordingly, it is ORDERED that

(1) The Chapter 13 plan is confirmed;

(2) Property of the estate shall not revest in Debtor until the earlier of discharge of Debtor, dismissal of the case, or closing of case without the entry of a discharge, unless the Court orders otherwise;

(3) A creditor must have a proof of claim filed with the Clerk of Court in order to receive a distribution under this plan, without regard to any other provision of the plan; and

(4) Because no party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. § 521(i)(2) and because the parties in interest should not be subjected to any uncertainty as to whether this case is subject to automatic dismissal under § 521(i)(1), Debtor is not required to file any further document pursuant to § 521(a)(1)(B) to avoid an automatic dismissal and this case is not and was not subject to automatic dismissal under § 521(i)(1). This does not prevent any party in interest from requesting by motion that Debtor supply further information described in § 521(a)(1)(B), and this does not prevent the Chapter 13 Trustee from requesting by any authorized means, including but not limited to motion, that the Debtor supply further information.

The Clerk is directed to serve a copy of this Order on the Debtor(s), the Attorney for the Debtor(s), the Chapter 13 Trustee, all creditors and other parties in interest.

**IT IS SO ORDERED.**

_Paul W Bonapfel_
_____
Paul W. Bonapfel
United States Bankruptcy Judge

Dated:  January 24, 2014
Form 133



Case 13-43094-pwb    Doc 23-1    Filed 01/24/14    Entered 01/24/14 15:06:11    Desc Ntc.
Re: DSO Obligations    Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Georgia**
**Rome Division**

In Re:  Debtor(s)

    **Teresa Carol Graham**              Case No.: **13−43094−pwb**
    212 Highpoint Drive                Chapter:  **13**
    Apt 13
    Calhoun, GA 30701

    **xxx−xx−4191**

**NOTICE TO CHAPTER 13 DEBTOR**
**REGARDING DOMESTIC SUPPORT OBLIGATIONS**

      If you **now** have a domestic support obligation (an obligation to pay alimony, maintenance or support of your spouse, former spouse, child or parent of your child (see 11 U.S.C. § 101(14A) for further explanation)) or if during this case, a domestic support obligation is imposed upon you then, **in order to receive your discharge,** you must be current (up−to−date) on all the payments for your domestic support obligation that:(1) came due **before** you filed your bankruptcy petition and your Chapter 13 plan required you to pay, and (2) came due **after** you filed your bankruptcy petition. See 11 U.S.C. § 1328(a). Before you receive your discharge you will be required to certify under penalty of perjury that payments on your domestic support obligations are up−to−date by filing a *Debtor's 11 U.S.C. § 1328 certificate.* The Chapter 13 Trustee will provide a copy of this Certificate after you have completed all payments on your confirmed Plan. **IF YOU DO NOT FILE THIS CERTIFICATE YOU WILL NOT RECEIVE A DISCHARGE AND THE CASE WILL BE CLOSED.**

      This Notice will be served upon Debtor and counsel for Debtor.

<u>January 24, 2014</u>
Date

M. Regina Thomas
Clerk of Court
U. S. Bankruptcy Court

Form 427

## U.S. Bankruptcy Court
## Northern District of Georgia (Rome)
## Bankruptcy Petition #: 13-43094-pwb

| | |
|---|---|
| | *Date filed:* 10/25/2013 |
| | *Plan confirmed:* 01/24/2014 |
| | *341 meeting:* 12/16/2013 |
| | *Deadline for filing claims:* 03/17/2014 |
| | *Deadline for filing claims (govt.):* 04/23/2014 |

*Assigned to:* Judge Paul W. Bonapfel
Chapter 13
Voluntary
Asset

*Debtor*
**Teresa Carol Graham**
212 Highpoint Drive
Apt 13
Calhoun, GA 30701
GORDON-GA
SSN / ITIN: xxx-xx-4191

represented by **Chris Rampley**
P O Box 927
Rome, GA 30162
706-291-7060
Email: rampley@hotmail.com

*Trustee*
**Mary Ida Townson**
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740
404-525-1110

| Filing Date | # | Docket Text |
|---|---|---|
| 10/25/2013 | 1 (53 pgs) | Voluntary Petition (Chapter 13), Fee Collected filed by Chris Rampley on behalf of Teresa Carol Graham. Government Proof of Claim due by 4/23/2014. (Rampley, Chris) |
| 10/25/2013 | 2 (6 pgs) | Chapter 13 Plan filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |
| 10/25/2013 | 3 (1 pg) | Credit Counseling Service Certificate filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |
| 10/25/2013 | 4 (1 pg) | Application to Pay Filing Fee in Installments filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |
| 10/25/2013 | 5 (1 pg) | Affidavit *Of Contribution* filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |

DEFENDANT'S EXHIBIT B

| 10/25/2013 | 6<br>(10 pgs) | Payment Advices of Debtor, *April - October 2013* filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |
| 10/25/2013 | 7 | Statement of Social Security Number (Official Form B21) (Document is restricted and can only be viewed by Court staff.) filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |
| 10/25/2013 | 8 | Receipt of Initial Docs01: Voluntary Petition (Chapter 13)(13-43094) [caseupld,1305u] ( 75.00) filing fee. Receipt Number 33297214. Fee Amount 75.00 (re: Doc# 1) (U.S. Treasury) |
| 10/25/2013 | 9<br>(3 pgs; 2 docs) | Notice of Meeting of Creditors (Chapter 13) 341 Meeting to be held on 12/16/2013 at 11:00 AM at 341 Meeting Room, Rome. Objections for Discharge due by 02/14/2014. Non-Government Proof of Claims due by 03/17/2014.Confirmation Hearing to be held on 01/22/2014 at 09:30 AM at Courtroom 342, Rome. (related document(s) 2 Chapter 13 Plan case upload) (Admin.) |
| 10/25/2013 | 10<br>(1 pg) | Order for Debtor's Employer to Deduct Payments. Service by BNC. (Admin.) |
| 10/27/2013 | 11<br>(2 pgs) | Certificate of Mailing by BNC of Employer Deduction Order Notice Date 10/27/2013. (Admin.) (Entered: 10/28/2013) |
| 10/28/2013 | 12<br>(1 pg) | Order Granting Application to Pay Filing Fee in Installments. Service by BNC Entered on 10/28/2013. (related document(s)4 Application to Pay Filing Fee in Installments filed by Teresa Carol Graham)(mrr) |
| 10/30/2013 | 13<br>(2 pgs) | Certificate of Mailing by BNC of Order Granting Application to Pay Filing Fees Notice Date 10/30/2013. (Admin.) (Entered: 10/31/2013) |
| 10/30/2013 | 14<br>(2 pgs) | Notice to Debtor Re: Financial Mgmt. Certification. Served by BNC. Notice Date 10/30/2013. (Admin.) (Entered: 10/31/2013) |
| 10/30/2013 | 15<br>(4 pgs) | Certificate of Mailing by BNC of Notice of Meeting of Creditors Notice Date 10/30/2013. (Admin.) (Entered: 10/31/2013) |
| | 16 | Certificate of Mailing by BNC of Chapter 13 Plan Notice |

| | | |
|---|---|---|
| 10/30/2013 | (8 pgs) | Date 10/30/2013. (Admin.) (Entered: 10/31/2013) |
| 11/14/2013 | <u>17</u><br>(2 pgs) | Notice of Appearance Filed by Americredit Financial Services, Inc. dba GM Financial. (AmeriCredit Financial Services) |
| 11/15/2013 | <u>18</u><br>(1 pg) | Change of Address of Teresa Graham for Notices and Payments filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) Old Address reflected on COA is not spelled the same as on Voluntary Petition. TEXT Modified on 11/18/2013 (mrr). |
| 11/25/2013 | | Payment of Chapter 13 Installment Fee Filed by Chris Rampley on behalf of Teresa Carol Graham. (related document(s)<u>1</u> Initial Docs01: Voluntary Petition (Chapter 13) filed by Teresa Carol Graham) (Rampley, Chris) |
| 11/25/2013 | 19 | Receipt of Payment of Chapter 13 Installment Fee(13-43094-pwb) [misc,207] ( 103.00) filing fee. Receipt Number 33618136. Fee Amount 103.00 (re: Doc# ) (U.S. Treasury) |
| 12/10/2013 | <u>20</u><br>(2 pgs) | Certification of Financial Management Course for Debtor *and Form 23* filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |
| 12/16/2013 | | Section 341(a) meeting held and concluded. (sec) (Entered: 12/19/2013) |
| 12/19/2013 | <u>21</u><br>(2 pgs) | Objection to Confirmation of Plan Filed by Mary Ida Townson on behalf of Mary Ida Townson. (Townson, Mary) |
| 12/20/2013 | | Receipt of Final Installment Re: Ch. 13 Voluntary Petition Filing Fee. Filed by Chris Rampley on behalf of Teresa Carol Graham. (related document(s)<u>1</u> Initial Docs01: Voluntary Petition (Chapter 13) filed by Teresa Carol Graham) (Rampley, Chris) |
| 12/20/2013 | 22 | Receipt of Receipt of Final Installment Re: Ch. 13 Voluntary Petition Filing Fee.(13-43094-pwb) [misc,208] ( 103.00) filing fee. Receipt Number 33860612. Fee Amount 103.00 (re: Doc# ) (U.S. Treasury) |
| | <u>23</u> | Order Confirming Chapter 13 Plan. Service by BNC. |

| | | |
|---|---|---|
| 01/24/2014 | (2 pgs; 2 docs) | (cam) |
| 01/26/2014 | <u>24</u><br>(3 pgs) | Certificate of Mailing by BNC of Order Confirming Chapter 13 Plan Notice Date 01/26/2014. (Admin.) (Entered: 01/27/2014) |
| 01/26/2014 | <u>25</u><br>(2 pgs) | Notice to Debtor Re: Domestic Support Obligations with certificate of service by BNC. Notice Date 01/26/2014. (Admin.) (Entered: 01/27/2014) |
| 03/07/2014 | <u>26</u><br>(3 pgs) | Trustee's Request for Copy of Debtor's Tax Return Filed by Mary Ida Townson on behalf of Mary Ida Townson. (Townson, Mary) |
| 07/28/2014 | <u>27</u><br>(5 pgs) | Motion to Suspend Plan Payments *and Notice of Hearing* filed by Chris Rampley on behalf of Teresa Carol Graham. Hearing to be held on 8/27/2014 at 10:00 AM in Courtroom 342, Rome, (Rampley, Chris) |
| 08/12/2014 | <u>28</u><br>(3 pgs) | Motion to Avoid Lien with PFW Properties Inc. with Notice to Respond Within 21 Days filed by Chris Rampley on behalf of Teresa Carol Graham. Responses due by 9/5/2014, (Rampley, Chris) |
| 08/12/2014 | <u>29</u><br>(4 pgs) | Motion to Avoid Lien with Redmond Regional Medical Center *in the amount of $1460.60* with Notice to Respond Within 21 Days filed by Chris Rampley on behalf of Teresa Carol Graham. Responses due by 9/5/2014, (Rampley, Chris) |
| 08/12/2014 | <u>30</u><br>(3 pgs) | Motion to Avoid Lien with Redmond Regional Medical Center *in the amount of $2183.96* with Notice to Respond Within 21 Days filed by Chris Rampley on behalf of Teresa Carol Graham. Responses due by 9/5/2014, (Rampley, Chris) |
| 08/12/2014 | <u>31</u><br>(3 pgs) | Motion to Avoid Lien with Redmond Park Hospital LLC d/b/a Redmond Regional Medical Center with Notice to Respond Within 21 Days filed by Chris Rampley on behalf of Teresa Carol Graham. Responses due by 9/5/2014, (Rampley, Chris) |
| 08/12/2014 | <u>32</u><br>(1 pg) | Amended Certificate of Service *for Motion to Avoid Lien with Redmond Park Hospital LLC d/b/a Redmond Regional Medical Center* filed by Chris Rampley on behalf of Teresa Carol Graham. (related document(s)<u>31</u> Motion to Avoid Lien with Notice to Respond) (Rampley, Chris) |

| 09/10/2014 | 33 (2 pgs) | Order GRANTING Motion to Avoid Lien with Redmond Park Hospital LLC d/b/a Redmond Regional Medical Center (Related Doc # 31) Service by BNC. Entered on 9/10/2014. (mrr) |
|---|---|---|
| 09/10/2014 | 34 (2 pgs) | Order GRANTING Motion to Avoid Lien with PFW Properties Inc. (Related Doc # 28) Service by BNC. Entered on 9/10/2014. (mrr) |
| 09/10/2014 | 35 (2 pgs) | Order GRANTING Motion to Avoid Lien with Redmond Regional Medical Center (Related Doc # 29) Service by BNC. Entered on 9/10/2014. (mrr) |
| 09/10/2014 | 36 (2 pgs) | Order GRANTING Motion to Avoid Lien with Redmond Regional Medical Center (Related Doc # 30) Service by BNC. Entered on 9/10/2014. (mrr) |
| 09/12/2014 | 37 (3 pgs) | Certificate of Mailing by BNC of Order on Motion to Avoid Lien Notice Date 09/12/2014. (Admin.) (Entered: 09/13/2014) |
| 09/12/2014 | 38 (3 pgs) | Certificate of Mailing by BNC of Order on Motion to Avoid Lien Notice Date 09/12/2014. (Admin.) (Entered: 09/13/2014) |
| 09/12/2014 | 39 (3 pgs) | Certificate of Mailing by BNC of Order on Motion to Avoid Lien Notice Date 09/12/2014. (Admin.) (Entered: 09/13/2014) |
| 09/12/2014 | 40 (3 pgs) | Certificate of Mailing by BNC of Order on Motion to Avoid Lien Notice Date 09/12/2014. (Admin.) (Entered: 09/13/2014) |
| 09/16/2014 | 41 (3 pgs) | Order GRANTING Motion to Suspend Plan Payments for the months of August 2014, September 2014 and October 2014. (Related Doc # 27) Service by BNC. Entered on 9/16/2014. (mrr) |
| 09/18/2014 | 42 (5 pgs) | Certificate of Mailing by BNC of Order on Motion to Suspend/Extend Plan Payments Notice Date 09/18/2014. (Admin.) (Entered: 09/19/2014) |
| 09/30/2014 | 43 (1 pg) | Change of Address of Brandon Hollingsworth for Notices and Payments filed by Chris Rampley on behalf of Teresa Carol Graham. (Rampley, Chris) |
| 11/06/2014 | 44 (1 pg) | Withdrawal of Claim No. 7 filed by Asset Acceptance LLC.(Asset Acceptance, LLC) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/11/2014 22:09:52 | | | |
| **PACER Login:** | Merritt1:2599435:0 | **Client Code:** | 30856-dmr |
| **Description:** | Docket Report | **Search Criteria:** | 13-43094-pwb Fil or Ent: filed From: 1/1/1989 To: 12/11/2014 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |